Charles Henry **CHILDS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45677.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Rehearing Denied April 11, 1973.

Joe C. Shaffer, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, twenty-five (25) years.

This is a companion case to Morgan v. State, Tex.Cr.App., 491 S.W.2d 903 (1973),

this day decided. A recitation of the facts appears in that case.

Ground of error number 1 relates to the testimony of appellant's father at the hearing on punishment. He testified, on direct examination, that he joined with his son in requesting the jury to grant the appellant probation. He further stated that he would keep appellant at his home, employ him and supervise his conduct and assist him in maintaining exemplary conduct. He also testified:

> "Q [Defense attorney] . . . And has his conduct been good since he has been there while he has been there at home?
>
> "A [Witness] Really has."

On cross-examination the witness admitted that the effect of his answers to counsel's questions had been to tell the jury that his son was "of good character". He was then asked over appellant's objection if "he had heard" that his son, the appellant, had been indicted for robbery and for possession of marihuana and was living with a prostitute who was also a heroin addict.

Appellant contends the court erred in permitting the prosecutor to determine whether or not the witness had heard of acts inconsistent with appellant's good reputation when that reputation had not been put in issue on direct examination of the witness.

■■ True, appellant's counsel did not use the "magic words", does your son have a general reputation of being a peaceful and law abiding citizen in the community in which he resides, in questioning the witness. However, an examination of the record clearly indicates that the entire tenor of the elder Childs' testimony was geared toward persuading the jury to grant appellant probation by showing them his good character and law abiding habits.[1]

1. See Brown v. State, Tex.Cr.App., 477 S.W.2d 617, for a discussion of the rationale of the rule which permits the State to ask a character witness about specific acts of misconduct of the accused.

Appellant may not have a witness testify about his good character traits but avoid "placing his reputation in evidence" simply by not specifically asking whether appellant enjoyed a good reputation in the community. The Court did not err in permitting the cross-examination.

Appellant's second ground of error is that the Court improperly permitted the prosecutor to exhibit a pistol before the jury during trial and during argument which was not admitted in evidence. The record reflects that the prosecutor asked two witnesses whether the pistol he was exhibiting to them was similar to the one used during the commission of the offense. Appellant also perfected a bill of exception to show that the prosecutor exhibited the pistol during argument.

■ The weapon was not held out to be the one used in the robbery. We conclude, as we did in Ortega v. State, Tex.Cr.App., 462 S.W.2d 296, that, in the absence of bad faith, it is not error to ask a witness whether a particular weapon is similar to one used during the offense. Further, the record reflects the gun was admitted in evidence.

Appellant's third and fourth grounds of error are identical to those raised by his co-defendant, Rubin Lee Morgan, and are disposed of in the appeal of that case. See Morgan v. State, supra.

■ Ground of error number 5 complains of the failure of the court to grant appellant's motion to sever from his co-indictee Morgan. At the hearing on the motion to sever it was shown that neither appellant nor his co-indictee Morgan had previously been convicted of a felony. Therefore, severance was not mandatory. Article 36.09, Vernon's Ann.C.C.P. Holbert v. State, Tex.Cr.App., 457 S.W.2d 286, 289.

Appellant, however, contends that, since the proof during the trial showed that his co-indictee Morgan was, at the time of his arrest for this offense, found in possession of narcotic paraphernalia, the portion of Article 36.09, supra, which provides for severance where a joint trial would be prejudicial should control.

The record reflects the paraphernalia was introduced as a circumstance of Morgan's arrest. The Court in his charge instructed the jury that they would not consider the evidence as to the narcotics paraphernalia not found in the possession of this appellant as any evidence of this appellant's guilt. The Court in Oden v. United States, 5 Cir., 410 F.2d 103, certiorari denied, 90 S.Ct. 138, 396 U.S. 863, 24 L.Ed.2d 116, said:

"When the charges against all defendants grow out of the same transactions and may be proved by the same evidence, and the jury is instructed to disregard evidence as to one defendant that does not pertain to the other defendant, the trial court does not abuse its discretion in refusing to grant a severance. Such instructions were given to the jury by the trial judge in this case and, under these circumstances it cannot be said that the trial judge abused his discretion in refusing to grant a severance as to Lacy."

In the relatively recent case of Robinson v. State, Tex.Cr.App., 449 S.W.2d 239, we had a similar situation. There we held that the instruction of the Court limiting the jury's consideration of the co-defendant's admission of a prior conviction was sufficient and reversible error was not reflected by the Court's failure to grant severance.

In the companion case of Johnson v. State, Tex.Cr.App., 449 S.W.2d 237, we pointed out that since the jury assessed almost the same punishment against each co-defendant that no showing of prejudice had been established in the joint trial. Attention is directed to the fact that the jury assessed the punishment against appellant and his co-defendant Morgan each at twenty-five (25) years.

Finding no reversible error, the judgment is affirmed.