**Rubin Lee MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45676.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Rehearing Denied April 11, 1973.

904

J. Michael Askins, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, Jack D. Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant Rubin Lee Morgan and Charles Henry Childs were jointly tried before a jury for the robbery by assault of Robert Nichols at Gordon's Jewelry Store on or about June 8, 1970, on their pleas of not guilty. The jury found both of them guilty and assessed the punishment of each of them at twenty-five (25) years.

This is a companion case to Childs v. State, Tex.Cr.App., 491 S.W.2d 907 (1973), this day decided.

This is the appeal of Rubin Lee Morgan.

The evidence shows that Gordon's Jewelry Store, located in Houston, was robbed on June 8, 1970, at approximately 11:00 A.M. Two persons identified by Robert Nichols, the complainant, and other employees, as the appellant Rubin Lee Morgan and his co-indictee, Charles Henry Childs, entered the store at the time above indicated, inquired as to the procedure for opening an account, were shown rings and other items of jewelry, and made inquiry as to the existence of a friend's account at the store. The essential and relevant testimony by the complaining witness and other employees was that Rubin Lee Morgan had a pistol in a white bag and directed the complainant, Robert Nichols, to fill the bag with rings at the direction of the appellant Morgan. It was further the testimony of the employees that Childs had a gun and demanded and received cash from employees at the rear of the store, while Rubin Lee Morgan demanded and received rings from the complainant, Robert Nichols.

It is a fair inference from the testimony of all employees in the store at the time that the transaction was of the duration of approximately twenty minutes.

Robert Nichols and the employee Becky Kenjura Massey, who were at the front of the store, positively and unequivocally

identified appellant as the robber at the front of the store who demanded and received the rings. She also identified Childs.

Two other employees, who were at the rear of the store, likewise identified Childs as the other robber who put them in the vault.

Billie Jean Mitchell, a State witness, testified she heard Morgan and Childs say they robbed the Gordon Jewelry Store, and went with them when they sold a quantity of rings for $200.

Officer J. H. Dickerson of the Houston Police Department testified that on September 1, 1970, he had a warrant for the arrest of appellant for this robbery. He found appellant in bed, showed him the warrant, gave him the legal warning, then:

"told him that the arrest was for the robbery of Gordon's Jewelry Store, and told him that I wanted to recover the guns and the jewelry, and asked him where they were. His response was that the guns were not there, and the only jewelry that he had left other than the ring that Sylvester (his brother) was wearing were two or three rings that were in a black box in the back bedroom."

Appellant then offered to show the officers where the rings were, and did so. They recovered three rings in addition to the one appellant's brother was wearing. These four rings were admitted in evidence and identified as being the same kind of rings handled by Gordon's Jewelry Store and taken in the robbery.

Appellant's first ground of error is that the court erred in permitting the prosecutor to exhibit before the jury in his argument a pistol identified by a witness as being similar to the one used by appellant Morgan in the robbery.

■ He avers that the pistol had not been admitted in evidence by the court. In fact, the record shows that this appellant's counsel did not object, and the pistol was admitted in evidence as one similar to the one used by Childs in the robbery, admitted only as resembling the gun, not as the weapon itself. Being in evidence, the prosecutor had a right to use it in his argument.

Appellant's first ground of error is overruled.

■ By his second ground of error, appellant complains that the State was permitted to impeach on direct examination the testimony of a State's witness by the improper use of an affidavit previously made by that witness, when no predicate had been made for such impeachment.

When Billie Jean Mitchell was on the stand under direct examination, the following occurred:

She was asked if on the day of the robbery or the next day she talked to Charles Henry Childs and Rubin Lee Morgan about the Gordon Jewelry Store robbery, to which she answered, "I don't remember, no." She said her mind was fresher on September 4, 1970, when she made a written statement than now. It may be noted that the jury trial began on May 24, 1971.

The State's counsel then exhibited to her a statement in writing made by her. She said it would help her to refresh her memory. She was asked to read it (not to the jury), after which she said it refreshed her memory, and she then said she had a conversation with Charles Henry Childs, Rubin Lee Morgan and Allen Branch concerning the robbery of Gordon's Jewelry Store; that they were talking about what had happened; that she could not remember what they said, it had been so long ago; that she made the statement and it was true. There were objections on the part of Childs' counsel, whereupon the court asked the witness if she needed the statement before she answered the question, to which she replied in the affirmative.

At this time appellant's counsel made the following objection:

"MR. ASKINS: Your Honor, the defendant Morgan would object in that regard to this piece of paper on the witness' lap. If she has testified that she has forgotten what went on, all the reading of whatever material put in front of her can't refresh her memory to such an extent that she continues down the line and says she still doesn't remember; and if she is to read from this material in her lap at this time, we would request that the Court direct the District Attorney, if he is going to use the instrument for her entire use, to attempt to submit this material as evidence in the case."

It will be observed that his objection was to "this piece of paper on the witness' lap," followed by his conclusion that it would not refresh her memory, and then suggested that "if she is to read from this material in her lap, the court should instruct the District Attorney to attempt to submit this material in evidence." The court to witness: "Do you need and require the statement before you answer the question?" and when she replied in the affirmative, the court told her she could keep the statement and refresh her memory.

Some five questions later the prosecutor referred the witness to the second paragraph and asked her if that read Chucky and Allen or Rubin and Charles. She answered: "It says Rubin and Charles," and then testified that it was Rubin Lee Morgan and Charles Henry Childs that told her they robbed the store. There was no objection on behalf of appellant, and nothing is before the court for review.

We consider this entire occurrence an attempt to refresh witness' memory and not in the nature of impeachment.

The rule as to refreshing the memory of a witness is set forth in 62 Tex.Jur.(2d) Witnesses, § 171, at page 57:

"It is always permissible to refresh the memory of a witness. Where he swears of his own knowledge he may refer to any thing or fact that he may choose in order to refresh his memory in regard to a matter about which he may be called on to testify. Memory may be refreshed by calling the witness's attention to testimony previously given or to statements previously made by him, or by reference to records, memoranda, or other documents, or by propounding questions; and leading questions are permissible for this purpose."

We overrule appellant's second ground of error.

■ By his third ground of error, the appellant complains because the court did not instruct the jury as to the witness Billie Jean Mitchell on the law of accomplice witnesses and submit that question to the jury for their decision with appropriate instructions.

To the failure of the court to submit this issue, the appellant timely and properly objected, which objection was overruled by the court and duly excepted to by the appellant.

At most the testimony shows that the witness Billie Jean Mitchell had been informed by the appellant and Charles Henry Childs that they committed the robbery in question; that shortly after that, she went with the appellant and Charles Henry Childs to carry some of the contraband of the robbery to a man's house; that Rubin Lee Morgan and Charles Henry Childs received a check for $200 in exchange for the contraband; and that on the following day she accompanied the appellant, an individual by the name of Chucky, and the man's wife, to the bank to cash the check. There is no evidence to show that she had any part in the robbery, that she ever received or concealed any of the property acquired in the robbery, or that in any manner she acted as an accessory after the

commission of the offense. There was no evidence that the witness was anything but a spectator.

It is stated in Silba v. State, 161 Tex. Cr.R. 135, 275 S.W.2d 108, that "but if there is not enough evidence to support a charge against a witness either as principal, an accomplice or an accessory, then he is not an accomplice witness."

There is ample evidence from other sources, without the testimony of this witness, to support the conviction.

In the case of Haines v. State, 134 Tex. Cr.R. 524, 116 S.W.2d 399, the same question was before the court. The court said that it might be that the trial court should have instructed the jury with reference to what constituted an accomplice and then instructed them with reference as to whether or not Mitchell and Capps were accomplices. "A failure to do so, however, in the instant case did not constitute reversible error, because the State, independent of their testimony, clearly established a case of theft . . . . Hence, the testimony of Mitchell and Capps could be disregarded or eliminated, and the case of theft would still be made out against appellant case of theft . . .. Hence, the testimony of Billie Jean Mitchell. Allen v. State, Tex.Cr.App., 461 S.W.2d 622; Gonzales v. State, Tex.Cr.App., 441 S.W.2d 539; Saucier v. State, 156 Tex.Cr.R. 301, 235 S.W.2d 903; McDonald v. State, 138 Tex.Cr.R. 510, 136 S.W.2d 816.

For these reasons, we overrule appellant's third ground of error. Appellant has filed in this court, without filing in the trial court, his pro se brief. We have considered it and find that it presents no reversible error.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.