**Johnny SALAZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46234.**

Court of Criminal Appeals of Texas.

May 16, 1973.

Raul Garcia, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and John Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is sale of marihuana; the punishment, five (5) years.

Ground of error number one complains of the asking of improper questions of appellant's sister, Linda Vera, at the punishment stage of the trial. Appellant's primary contention is that his sister was not a reputation witness to whom "have you heard" questions might properly be propounded. Among other questions she was asked by appellant's counsel were the following:

"Q. [Defense Counsel] Has he been a good member of your household

. . .

"A. Yes, sir.

\* \* \* \* \* \*

"Q. If granted probation, do you have any reason at all to believe he [appellant] would not be able to finish school and complete the terms of probation as you have heard the application read?

"A. No, sir."

Under the recent opinion of this Court in Childs v. State, Tex.Cr.App., 491 S.W.2d 907, these questions and answers made the witness, who had testified to no material facts in the case, a reputation witness to whom questions might be properly propounded as to acts inconsistent with appellant's good reputation. In Childs v. State, supra, the defendant's father testified at the hearing on punishment on direct examination that the defendant's conduct had been good while he had lived at home with the witness. The State then propounded "have you heard" questions to defendant's father. This Court said that the tenor of the father's testimony was geared toward persuading the jury to grant probation and that testimony made him a reputation witness subject to proper impeachment.

We conclude that Childs v. State, supra, is here controlling and overrule ground of error number one.

■ Ground of error number two relates to the action of the court in allowing the court reporter to read back a portion of certain testimony to the jury. The testimony read to the jury by the reporter, without timely objection, is not made a part of this record and, therefore, nothing is presented for review.

Ground of error number two is overruled.

■ Ground of error number three complains of the refusal of the court to quash the jury panel on the ground that appellant was sixteen years of age at the time alleged in the indictment and was not certified by the juvenile court. The record reflects that the appellant sold marihuana to an undercover agent on June 16, 1971. The appellant became seventeen years of age on July 17, 1971, the indictment was returned on October 14, 1971, and the appellant was arrested in this case after the return of the indictment. Trial began on February 22, 1972.

Appellant was not a juvenile when he was indicted and the juvenile court had no jurisdiction of him under Article 2338-1, Vernon's Ann.Civ.St. Boyett v. State, Tex. Cr.App., 487 S.W.2d 357; Dillard v. State, Tex.Cr.App., 477 S.W.2d 547; Whitaker v. State, Tex.Cr.App., 467 S.W.2d 264. The record does not reflect an unreasonable delay between the date of the offense and the date of the indictment and arrest.

Ground of error number three is overruled.

■ Ground of error number four contends that jury misconduct occurred when certain named jurors discussed the "have you heard" questions and the answers, hereinbefore referred to in ground of error number one. It was not error for them to discuss the evidence during their deliberations. This was not evidence outside the record which is the normal complaint in jury misconduct cases.

■ Further, the testimony of the jurors clearly demonstrated that they were attempting to impeach their own verdict which they may not do. Gonzales v. State, Tex.Cr.App., 398 S.W.2d 132.

Ground of error number four is overruled.

Finding no reversible error, the judgment is affirmed.