

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 16, 1975

The Honorable Joe Grady Tuck
District Attorney
216th Judicial District
998 Sidney Baker South
Kerrville, Texas  78028

Opinion No. H- 642

Re: Applicability of section 54.02
of the Family Code to persons who
commit crimes before reaching 17
years of age and to persons who
were properly indicted prior to
the effective date of the Code.

Dear Mr. Tuck:

You have requested our opinion concerning the proper legal proceedings to take against one who has committed an offense before reaching 17 years of age, noting a possible conflict between the Texas Family Code and the Texas Penal Code as to the appropriate manner of disposal of such cases.

In the Family Code a person under 17 years and over 10-years of age is defined as a "child" (a person over 17 but under 18 is also a "child" for purposes of extending the juvenile court's jurisdiction of 17 so that acts committed by one nearing the age of 17 can be finally dealt with by the court). Tex. Family Code, sec. 51.02. A juvenile court has exclusive jurisdiction over a "child" who commits a crime. Sec. 51.04. But where a felony is involved and . . .

> the child was 15 year of age or older <u>at the time he</u>
> is alleged to have <u>committed the offense</u>. . .
> (Emphasis added).

the juvenile court may waive its jurisdiction over the child and transfer the case to the appropriate district court for regular criminal proceedings. Sec. 54.02 (a) (2). Section 8.07 (a) of the Texas Penal Code provides that no person can be prosecuted for an offense "that he <u>committed</u> when younger than 15 years." That section is in accord with the Family Code on the lower age of a prosecution of a child. However, the Penal Code further provides in section 8.07 (b) that:

> a person who is younger than 17 years may not be
> prosecuted or convicted for any offense unless the
> juvenile court waives jurisdiction and certifies him
> for criminal prosecution. (Emphasis added).

On January 1, 1974, the new Penal Code went into effect. It expressly repealed that section of the old Code (as amended by the Family Code) which required waiver of jurisdiction by a juvenile court where one commits a crime before reaching age 17 (Section 3, Acts 1973, 63rd Leg., ch. 899, p. 911). Thus, a plausible argument can be made that under section 8.07 of the new Penal Code juveniles committing pre-17 crimes may be indicted, tried and convicted if criminal proceedings are delayed until the juvenile becomes 17.

However, we do not believe such to be the case. It is our duty to read these provisions harmoniously, if possible. 53 Tex. Jur. 2d, Statutes, §186. We believe they are easily reconciled. Section 8.07 (b) of the new Penal Code prohibiting the prosecution or conviction of a person younger than 17 years (absent juvenile court waiver) does not carry the necessary inference that all other persons can be prosecuted and convicted without such a waiver for any crimes committed at any time. If restricted to its literal import, the language of section 8.07 (b) is entirely consistent with Family Code provisions.

Moreover, as the history of the Family and Penal Codes reveals, the new Penal Code passed the Legislature on May 24, 1973. The Family Code, with its amendment to the Penal Code forbidding the trial of a child (as defined) without waiver of jurisdiction by the juvenile court, passed the Legislature on May 25, 1973. The latest expression of the Legislature would control in any event. Code Construction Act, V. T. C. S., art. 5429b-2, sec. 3.05; Ex parte De Jesus De La O, 227 S. W. 2d 212 (Tex. Crim. App. 1950). Attorney General Opinion H-260 (1974). And see, Code Construction Act, V. T. C. S., art. 5429b-2, § 3.11(c); Attorney General Opinion H-237 (1974).

Accordingly, in our opinion, section 8.07 of the new Penal Code does not allow the prosecution or conviction of a person who commits a crime before he is 17 unless the juvenile court waives jurisdiction and certifies the person for criminal trial in an appropriate district court. The provisions of section 54.02 of the Family Code must be met.

You further ask if:

> the State can proceed to prosecute a defendant under
> the following facts: A defendant, 16 years 10 months
> of age on October 21, 1971, is indicted for a felony
> offense 2 1/2 months later, after his 17th birthday.

Prior to the enactment of the Family Code, it was permissible to delay the institution of criminal prosecution until an under-17-violator reached 17, at which time he came within the jurisdiction of a regular criminal court (so long as the constitutional requirement of a speedy trial was met.) Salazar v. State, 494 S. W. 2d 548 (Tex. Crim. App. 1973). Thus, under the fact situation you have given us, the district court acquired jurisdiction of the defendant in January of 1972, at which time the defendant was 17.

The Family Code did not take effect until September 1, 1974, when the defendant was 19 and 1/2. Therefore, there was and can be no way the juvenile court could or can obtain jurisdiction. The case you describe is within the jurisidiction of the district court regularly trying criminal cases. Salazar v. State, supra; Whitaker v. Estelle, 509 F. 2d 194 (5th Cir. 1975). Prosecution can properly proceed there.

### S U M M A R Y

Persons committing crimes while under 17 years of age are within the exclusive jurisdiction of the juvenille court. Before any criminal proceedings can be instituted, the juvenille court must waive jurisdiction and transfer the accused to the appropriate court for trial.

A person properly indicted under existing law, prior to the effective date of the Family Code, September 1, 1974, can be prosecuted under the indictment.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb