**Wilbert L. WASHINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58155.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 5, 1979.

Mary Ann Beaty, Austin, for appellant.

Ronald D. Earle, Dist Atty., and Bill White, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for burglary of a habitation. A jury assessed punishment at imprisonment for 30 years.

Appellant contends that the trial court erred in permitting the prosecutor at the punishment phase of the trial to ask a witness whether she had heard of specific acts of misconduct on the part of appellant. Appellant maintains that the testimony of this witness had nothing to do with appellant's reputation, and therefore the State should not have been allowed to ask "have you heard" questions to test the witness's knowledge of his reputation. We agree with appellant's contention and reverse.

At the punishment phase of the trial, appellant's wife, Gwendolyn Washington, testified on direct examination as follows:

Questions by Ms. Beaty [defense counsel]:

Q  Would you state your name for the record?

A  Gwendolyn Mary Washington.

Q  And what is your relationship with Wilbert Washington?

A  I am his wife.

Q  And where are you presently residing?

A  2432 Donna.

Q  Are you living with anyone there?

A  I am staying with my cousin.

Q  How many children do you have?

A  I have three.

Q  And are you currently employed?

A  No, I am not.

Q Was Wilbert working at the time he was arrested?

A Yes, he was.

Q You know how long he had been working?

A No, I don't.

Q Was it as long as a year?

A Well, at that job, no.

Q But had he been working for as long as a year?

A Yes, he had.

Q Was he holding down only one job during that time?

A No, he had two.

Q At one time?

A Yes.

Q What kind of jobs were these when he was working two jobs?

A One was construction and another, he was working at a bank.

Q And how long did he hold down two jobs?

A About three or four months.

Q How long have you known Wilbert?

A I've been knowing him for going on three years.

Q Has he been supporting you and the children?

A Yes, he has.

Q What is your religious affiliation?

A I am a Baptist.

Q Is Wilbert, also?

A Yes.

Q Does Wilbert come from a large family?

A Yes, he has.

Q Do most of them live here in town?

A Yes, they do.

Q Are you close to them at all?

A Yes, I am.

Q And what about your family?

A I have a small family.

Q Are they here in town?

A Yes, they are.

Q Are they fairly close with Wilbert, do you know?

A Yes, they are.

MS. BEATY: I will pass the witness.

On cross-examination, over appellant's objection, the State asked more than 20 "have you heard" questions about specific acts of misconduct on the part of appellant.

Relying on *Childs v. State,* 491 S.W.2d 907 (Tex.Crim.App.1973), the State argues that the witness's testimony made her a reputation witness. This Court recently overruled *Childs* in *Ward v. State,* 591 S.W.2d 810 (1979). The holding and reasoning of *Ward,* supra, are directly applicable to the present case:

Since the purpose of a have you heard question is to test the witness who purports to be familiar with hearsay and rumors of the accused's reputation, a witness who has not professed to be familiar with that reputation in the community could not logically be discredited by questions of whether he has heard other rumors of acts inconsistent with that reputation. Simply stated, there is no reasonable basis for asking have you heard questions of a witness who testifies to his personal opinion of someone's character, as opposed to the reputation of that person's character. Since appellant's wife was not testifying to his *reputation,* no have you heard questions to test familiarity with that reputation should have been allowed at all.

. . . Absent a showing that the witness was familiar with and testifying to the reputation in the community, such questions were without probative value on their only authorized purpose (i. e. to test sincerity and familiarity with that reputation), and could only serve the impermissible purpose of prejudicing the jury by showing rumors of inadmissible acts of misconduct by the accused. To the extent that *Childs v. State,* supra, authorized use of have you heard questions in the cross-examination of any witness who gave testimony that might be seen as reflecting upon character, even though no *reputation* testimony was given, that case was unsupported by precedent and by reason, and it is overruled.

In the present case appellant's wife clearly gave no testimony concerning appellant's

reputation. Under our holding in *Ward, supra,* it was error to permit the "have you heard" questions.

The judgment is reversed and the cause remanded.

ROBERTS, J., not participating.