Robert C. WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 57891.

Court of Criminal Appeals of Texas,
Panel No. 3.

Dec. 19, 1979.

Glen E. Eakman, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., Marvin L. Collins, Michael G. Maloney, William D. Kane, Jr., and James D. Heinemann, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated robbery. The punishment was assessed at imprisonment for thirty years.

The sole ground of error urged on appeal is that the trial court erred in allowing the State to cross-examine a defense witness by asking "have you heard" questions about the appellant's reputation.

Appellant filed a motion requesting that he be granted probation. At the punishment phase of the trial, appellant's mother testified for the defense. During direct examination the trial court refused to let the mother testify to any matters about which she did not have personal knowledge. The witness did not testify to appellant's reputation in the community.

The witness testified on direct examination that her son did not have bad habits; he did not drink or smoke. On cross-examination, the prosecutor quickly limited the scope of this testimony.

"Q. You testified that under your supervision that he was a good boy, is that what you are testifying to?

"A. No, I wouldn't say he was a good boy, no. What I was trying to say, he didn't have a habit of drinking and smoking and dope, as I know of. That's what I was speaking of.

"Q. You did testify that he did not have any bad habits?

"A. Well—

"Q. Were those your words?

"A. I didn't understand it were. I wouldn't say he didn't have bad habits."

The witness also testified that her son was a hard working boy who always held a job, if he lost one he tried to get another. The witness admitted that she knew her son had lost a job in February 1977, testifying that, to her knowledge, her son had been laid off.

■ Over appellant's objection, the prosecutor asked the witness if she had heard her son was terminated from his employment for theft. The prosecutor, over objection, also asked the witness if she had heard her son had been arrested for robbery in February 1977 and further asked if she had heard her son had been arrested for theft in 1970. While the questioning about the circumstances of appellant's loss of his job might have been permissible, the "have you heard" questions about the unadjudicated robbery and the 1970 theft should not have been allowed.

This Court has recently addressed the question of which circumstances will permit "have you heard" questions such as those at issue here. *Ward v. State,* 591 S.W.2d 810 (Tex.Cr.App.1978) (delivered 1979). *Ward* overruled *Childs v. State,* 491 S.W.2d 907 (Tex.Cr.App.1973). *Ward* initially clarifies the distinction between character testimony and reputation testimony:

"Since the purpose of a have you heard question is to test the witness who purports to be familiar with hearsay and rumors of the accused's reputation, a witness who has not professed to be familiar with that reputation in the community could not logically be discredited by questions of whether he has heard other rumors of acts inconsistent with that reputation. Simply stated, there is no reasonable basis for asking have you heard questions of a witness who testifies to his personal opinion of someone's character, as opposed to the reputation of that person's character. Since appellant's wife was not testifying to his *reputation,* no have you heard questions to test familiarity with that reputation should have been allowed at all."

591 S.W.2d 818. *Ward* also held that if a witness does testify to reputation, the witness can still only be impeached by acts which are inconsistent with the specific trait testified to by the witness.

Appellant's mother did not testify to his reputation; all of her testimony was limited to her personal knowledge. Much of this opinion testimony may not have been admissible character evidence; "yet, when such improper evidence is admitted, the State may not under the guise of rebuttal present additional improper evidence." *Ward v. State,* 591 S.W.2d at 818.

■ The State further argues that the mother placed her past ability to control her son into issue. The witness never testified that she had successfully controlled her son's behavior in the past and she did not guarantee such control in the future, except to testify that she would do her best to insure her son's compliance with the terms of probation. This testimony is not sufficient to allow the "have you heard" questioning complained of here.

The judgment is reversed and the cause is remanded.