**716**

Freddie Fritz POOLE, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–014–CR.

Court of Appeals of Texas,
(Houston, 14th Dist.).

Oct. 29, 1981.

Kurt B. Wentz, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

Charged by information with the offense of delivery of methamphetamine, appellant was found guilty by a jury and assessed punishment at confinement in the Texas Department of Corrections for ten years. We affirm.

Since appellant has not challenged the sufficiency of the evidence, it will not be summarized.

By his first ground of error, appellant contends the trial court erred in refusing to grant his motion for a hearing outside the presence of the jury to determine the admissibility of prior convictions for impeachment or for use at the punishment hearing.

After both sides announced ready for trial and the jury had been selected, appellant called the court's attention to the motion referred to above, but the court refused to act upon it at that time, inviting appellant's counsel to assert his motion during trial if and when the issue arose.

Appellant did not testify at either the guilt or innocence phase of the trial. He did, however, without objection, testify before the court, after the jury had been selected but out of their presence, on a

matter not material to this appeal that he had previously been granted probation in California.

During the punishment phase of the trial, appellant called the witness McChargue who testified that he had known the appellant his entire adult life (approximately fifteen years). In response to defense counsel's question whether the witness had "knowledge" of appellant's having been convicted of a felony or misdemeanor, McChargue answered "no." However, on cross examination by the prosecutor, the following proceedings occurred:

"Q Well, now, had you heard that in 1968 Mr. Poole—

MR. WENTZ: Your Honor, I would object and ask that we have an examination outside the presence of the jury as to the good faith in which any have-you-heard questions would be asked.

THE COURT: That's overruled.

Q (By Mr. Reynolds) Have you heard that in 1968, in Long Beach, California, that Mr. Poole was granted probation for having intoxicating drugs?

A I know vaguely of it, yes.

Q Had you heard that in 1971 Mr. Poole also got probation in Long Beach, California, for stealing?

A I know of it, yes."

This is the only request shown in the record for a hearing outside the presence of the jury concerning the previous conviction, and it is readily apparent that the request concerned the "good faith" of the prosecutor in asking the question. It cannot be seriously contended that the trial court committed reversible error in refusing to conduct a hearing on the "good faith" of the prosecutor in asking the question when the court had earlier heard appellant admit that he had been on probation. Appellant's first ground of error is overruled.

■ By his second ground of error, appellant contends that the "trial court erred in overruling appellant's attorney's objections as to the form and manner in which the State impeached a witness during the punishment state [sic] of the trial and the inclusion in such question of details of a prior conviction." That portion of the record quoted above under the first ground of error is likewise that portion of the record made the basis of his second ground of error.

Appellant does not rely upon the cases of *Ward v. State*, 591 S.W.2d 810 (Tex.Cr.App. 1978) or *White v. State*, 590 S.W.2d 936 (Tex.Cr.App.1979). Rather his argument is that the first "question goes beyond the fact of mere conviction and includes extreneous [sic] information which is prejudicial and inappropriate in this type question," and that the second question is inappropriate because it "contains within it a blatant and calculated misstatement of the law, for there is no offense of 'stealing'."

On the basis of the objection made, no error is shown. If the ground of error could be construed to complain under the proscription enunciated by *Ward* and *White, supra*, the contention could not be sustained on this record because the witness had already testified on direct examination that appellant had never been convicted of a felony or a misdemeanor. Such questions were permissible to test this direct and unequivocal testimony. *Bryant v. State*, 471 S.W.2d 66 (Tex.Cr.App.—1971). And, it is interesting to note, the witness acknowledged that he knew "vaguely" of one of the convictions and "knew" of the other. Appellant's second ground of error is overruled.

■ By his third ground of error, appellant contends the trial court "erred in refusing to lower appellant's bail on appeal." Following the giving of notice of appeal, appellant filed a motion to have the appeal bond of $25,000 reduced to $10,000, which request was denied. Neither appellant nor appellee cites any authority for the proposition that this is an assignment of error which may or may not be considered in the appeal of a conviction. As we understand, this is a matter that is reserved for the writ of habeas corpus. Appellant's third ground of error is overruled.

The judgment is affirmed.