Mark Anthony LONG, Appellant,

v.

The STATE of Texas, Appellee.

No. 60880.

Court of Criminal Appeals of Texas,
Panel No. 1.

April 14, 1982.

Thomas J. Beswick, Irving, for appellant.

Henry Wade, Dist. Atty., T. Michael Sutton, Lee Hight and Ron Poole, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for aggravated robbery. The jury assessed punishment at fifteen years confinement in the Texas Department of Corrections. The sufficiency of the evidence is not challenged.

In his first ground of error the appellant contends the trial court committed reversible error in allowing the prosecutor to ask "have you heard" questions of a witness on cross-examination during the guilt phase of the trial when that witness' testimony did not pertain to the appellant's reputation. The State relies on *Childs v. State*, 491 S.W.2d 907 (Tex.Cr.App.1973), an opinion which was overruled by this Court in *Ward v. State*, 591 S.W.2d 810 (Tex.Cr.App.1979), in support of their contention that the witness was a reputation witness. We agree with appellant's contention and reverse.

The appellant offered an alibi defense. In support of his defense the appellant offered evidence that he had facial hair at the time of the offense, while the eyewitnesses testified the robber had no facial hair. The complained-of error arose during the cross-examination of Dolores Fugitt, the appellant's mother, who stated that the appellant

had a moustache at the time in question.[1] On direct examination, Mrs. Fugitt testified as follows:

"Q. Mrs. Fugitt, would you tell the Court whether or not you're close to Mark.

A. Pardon?

Q. Are you close to Mark?

A. Yes, sir.

Q. Would you tell the jury what your relationship is with your son.

A. Good mother and son relationship, and he's a real good boy."

On cross-examination the prosecutor asked the following questions based on Mrs. Fugitt's answer as set out above:

"Q. Just before breaking for lunch, ma'am, did you say in response to a question on your direct examination about my son's a real good boy?

A. Yes, sir.

Q. Okay. Have you heard that on January 21st, 1974 he was arrested for UCW, carrying an unlawful weapon?

     *   *   *   *   *   *

Q. Have you heard that on March 12 of 1974 he was arrested for driving while intoxicated?

     *   *   *   *   *   *

Q. Have you heard that on April 6th, 1974 he was arrested for burglary of a habitation?

     *   *   *   *   *   *

Q. All right. What about February 21st, 1976. Did you hear or have you heard that on that day, February 21st, 1976 he was arrested for violation of the Controlled Substances Act?

     *   *   *   *   *   *

Q. Okay. And have you heard that on June the 18th of 1976 he was arrested again for unlawfully carrying a weapon?"

Every question, other than that referring to the DWI arrest, was answered in the negative.

On re-direct examination Mrs. Fugitt testified as follows:

"Q. Mrs. Fugitt, you testified Mark was a real good boy. Has he always been a good boy for you?

A. That's what I meant. He's a good boy to me, he treats me good. That's why."

■ In *Ward v. State*, supra, this Court clarified that "have you heard" questions are properly utilized to test a witness who claims to be familiar with hearsay as to the defendant's reputation. However, when a witness simply testifies to his personal knowledge of someone's character as opposed to the reputation in the community of that person's character, this testimony may not be "discredited by questions of whether he has heard other rumors of acts inconsistent with that reputation." *Ward v. State*, supra at 818; see *Jewell v. State*, 593 S.W.2d 314 (Tex.Cr.App.1980); *Washington v. State*, 590 S.W.2d 493 (Tex.Cr.App.1979); *White v. State*, 590 S.W.2d 936 (Tex.Cr.App. 1979).

■ In the instant case the witness did not testify to appellant's reputation in the community but only referred to her personal relationship with her son and his conduct during February of 1978. At most, Fugitt presented evidence of the appellant's reputation as being good to his mother or proof of his character. Although it is not proper to prove character by evidence of personal opinion or specific acts, as was done in the instant case, *Ward v. State*, supra; *Houghton v. State*, 345 S.W.2d 535 (Tex.Cr.App. 1961), the State may not on rebuttal present additional improper evidence. *Ward v. State*, supra; *Johnson v. State*, 91 Tex.Cr.R. 582, 241 S.W. 484 (1922) (opinion on rehearing). Further, "evidence similar in appearance to improper proof of charac-

---

1. Fugitt's testimony also referred to her knowledge of the appellant's conduct during the month she alleged offense occurred. Fugitt also testified that she contributed money to the support of her son on February 15, 1978 and that if he had money he would not have asked her for money. The alleged offense occurred on February 13, 1978.

ter may be admissible for other purposes, such as to show the defendant's conduct, appearance or condition of mind at a particular time, or the relationship between the accused and the deceased, without subjecting the witness to have you heard questions on cross-examination." *Ward v. State*, supra, at 818.

The prosecutor's questions in the instant case were directed to the appellant's reputation for illegal activity, and did not refer to acts inconsistent with the character traits the appellant's mother testified about. Since the witness did not testify to her familiarity with the appellant's reputation in the community, the challenged questions were without probative value for the purpose of testing such familiarity and could have only served to prejudice the jury through rumors of inadmissible acts of misconduct by the accused. See *Ward v. State*, supra. *Els v. State*, 525 S.W.2d 11 (Tex.Cr. App.1975). We therefore find that the error calls for reversal of the cause.

The disposition of this ground of error renders our consideration of the remaining grounds of error unnecessary.

The judgment is reversed and the cause remanded.