**Ricky Ricardo JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–495CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 1984.

Discretionary Review Refused Oct. 24, 1984.

Randy Schaffer, Houston, for appellant.

James Brough, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This appeal is from a conviction of injury to a child pursuant to TEX.PENAL CODE ANN. § 22.04 (Vernon Supp.1982–1983). Appellant pled not guilty. The jury found him guilty, and the court assessed punishment at thirty-five years confinement in the Texas Department of Corrections. We affirm.

Appellant lived in a two-bedroom apartment with Betty Rose Bankhead and her three minor children, one of whom was the victim, five-year-old Lakeasha Bankhead.

On January 20, 1983, Ms. Bankhead went to the home of a Reverend Ivory to collect money due her. She left her children in appellant's care and in good health.

Ms. Bankhead did not return until about 2:15 a.m. the next morning, January 21, 1983. Appellant admitted that he had whipped Lakeasha because she had urinated in the bed. Ms. Bankhead checked on Lakeasha, who was in bed, but did not awaken the sleeping child. About thirty minutes later the child, crying softly, came to her mother's bedside. She told Ms. Bankhead she could not keep her eyes open. Ms. Bankhead got up and noticed Lakeasha's eyes were swollen, and her left eye was red. While appellant was asleep Lakeasha confided to her mother that appellant had whipped her.

Lakeasha's brother Cleshaun testified that appellant had not actually whipped Lakeasha in the usual manner but had forced the girl to make her hands into fists and hold them in front of her eyes. He then hit his hand "real hard" against her fists, thus causing her to strike her own eyes. Crying, she fell down. Appellant made her shut up, get up, and sit on his lap. He then pushed her down again.

About 6:00 p.m. that evening appellant, Ms. Bankhead, the three children, and a friend, Karella Davis, left to walk to a surprise birthday party. Appellant and the children arrived at the party a few minutes ahead of Ms. Bankhead and Davis. One of Lakeasha's front teeth had been knocked out. Cleshaun testified that appellant had pushed Lakeasha down during the walk, causing her tooth to come out.

About an hour later Ms. Bankhead and appellant argued about his whipping the children. Appellant then struck Ms. Bankhead. A little after midnight Ms. Bankhead discovered appellant, who was again infuriated with Lakeasha's bedwetting, whipping the nude girl with a wide belt. Around 3:00 a.m. January 22, 1983, Ms. Bankhead, while checking on her children, realized that Lakeasha was limp and would not awaken. The child was rushed by ambulance to Hermann Hospital. She never regained consciousness and was pronounced dead the evening of January 22, 1983.

Appellant urges five grounds of error. In ground of error one he contends that the evidence was insufficient to establish that he caused serious bodily injury to the child by hitting her with his hands. By means of a rather convoluted process of reasoning, appellant seems to be suggesting that because his hand did not touch her face, he was not guilty of causing serious bodily injury.

However, according to the testimony of Dr. Aurelio Espinola, Lakeasha's death resulted from a subdural hemotoma. Even though Lakeasha's condition was complicated by pneumonia, Dr. Espinola stated that, in his best opinion, Lakeasha would have died even without having contracted pneumonia.

TEX.PENAL CODE ANN. § 22.04 (Vernon Supp.1982–1983) indicates that a person commits the offense of injury to a child "if he intentionally ... engages in conduct that causes to a child who is 14 years of age or younger ...:

   (1) serious bodily injury;
   (2) serious physical or mental deficiency or impairment;
   (3) disfigurement or deformity; or
   (4) bodily injury.

Testimony by Lakeasha's brother Cleshaun establishes that appellant intentionally forced Lakeasha to hold her fists before her eyes and then with his hand pounded her fists into her eyes. Doctor Espinola testified that such an act could cause the subdural hematoma and Lakeasha's resulting death. We hold that the evidence was sufficient to prove that appellant intentionally caused serious bodily injury, and we overrule appellant's first ground of error.

In his second ground of error appellant argues that the trial court committed reversible error by permitting the state to impeach its own witness despite the absence of any evidence establishing surprise on the state's part or injury to its case. The witness in question was Ms. Bankhead, the child's mother. When first asked if appellant had ever told her he had slapped or hit Lakeasha in the face, Ms. Bankhead replied, "No, he didn't." The prosecutor then produced State's Exhibit 10, a statement Ms. Bankhead had previously given to the Houston Police Department. After reading the statement to refresh her recollection, Ms. Bankhead was asked, "Did Ricky tell you anything about the location or where on Lakeasha he had hit her?" She responded, "On the face." We do not view the above as a situation of impeachment but rather one of refreshing the memory. *See Morgan v. State*, 491 S.W.2d 903 (Tex.Crim.App.1973).

The *Morgan* case involved a complaint, in a robbery by assault case, that the state had been permitted to impeach one of its witnesses, a Billie Jean Mitchell, by improperly using her prior affidavit. During the state's direct examination of Mitchell, she stated she could not recall if she had talked to Morgan about the robbery of a Gordon Jewelry Store. Counsel for the state was allowed to let her silently read a written statement she had given earlier. The court of criminal appeals held that the occurrence was "an attempt to refresh witness' memory and not in the nature of impeachment." 491 S.W.2d at 906. The court cited 62 TEX.JUR. (2d) Witnesses, § 171, (1965), to distinguish refreshing a witness' memory and impeaching a witness. We reproduce that reference here:

> It is always permissible to refresh the memory of a witness. Where he swears of his own knowledge he may refer to any thing or fact that he may choose in order to refresh his memory in regard to a matter about which he may be called on to testify. Memory may be refreshed by calling the witness's attention to testimony previously given or to statements made by him, or by reference to records, memoranda, or other documents, or by propounding questions; and leading questions are permissible for this purpose.

We overrule appellant's second ground of error.

Appellant contends in his third, fourth, and fifth grounds of error the trial court committed reversible error by not giving instructions on three lesser included offenses. We will address the three grounds simultaneously.

The third ground of error concerns error in the court's refusal to instruct the jury on whether the appellant recklessly caused serious bodily injury to the child. In ground of error four appellant insists there was error in the court's refusal to instruct the jury on whether appellant, with criminal

negligence, caused serious bodily injury to the child. Appellant contends in his fifth ground of error the trial court erred in refusing to instruct the jury on whether appellant intentionally or knowingly caused the child bodily injury.

TEX.PENAL CODE ANN. § 22.04, Injury to a Child or an Elderly Individual, (Vernon Supp.1982–1983), outlines the three lesser included offenses under Injury to a Child. It reads, in pertinent part, as follows:

> (b) An offense under Subsection (a)(1), (2), or (3) of this section is a felony of the first degree when the conduct is committed intentionally or knowingly. When the conduct is engaged in recklessly it shall be a felony of the third degree.
> (c) An offense under Subsection (a)(4) of this section is a felony of the third degree when the conduct is committed intentionally or knowingly. When the conduct is engaged in recklessly it shall be a Class A misdemeanor.
> (d) An offense under Subsection (a) of this section when the person acts with criminal negligence shall be a Class A misdemeanor.

However, a defendant is by no means automatically entitled to a court charge on a lesser included offense. *Royster v. State*, 622 S.W.2d 442 (Tex.Crim. App.1981) set forth the procedure to be utilized in such a determination. A two-step analysis is to be used in deciding whether a charge on a lesser included offense is required. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty, he is only guilty of the lesser offense. After reviewing the record before us, we do not find evidence to support the notion that appellant was only guilty of a lesser included offense.

We hold that grounds of error three, four, and five are without merit and accordingly overrule them.

The conviction is affirmed.