OPINION
HILL, Justice.
Jimmy Ray Williams appeals his conviction by a jury of the offense of injury to a child causing serious bodily injury. The jury found the enhancement paragraph to be true and assessed his punishment at 99 years in the Texas Department of Corrections. Williams contends that the trial court erred by not including an instruction allowing the jury to find that he committed the offense “recklessly” and that the trial court erred in allowing the prosecutor to refer in closing argument to Williams’ motel room as a “torture chamber” with its own “little dungeon”.
We affirm, because we find that the evidence does not support an instruction al *158 lowing the jury to find that Williams committed the offense “recklessly”, and because we find that the prosecutor’s argument was a reasonable deduction from the evidence.
In ground of error number one, Williams urges that the trial court erred in failing to instruct the jury so as to allow them to find that he committed the offense “recklessly”.
TEX. PENAL CODE ANN. sec. 22.04 (Vernon Supp.1986) provides that:
(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is 14 years of age or younger or to an individual who is 65 years of age or older:
(1) serious bodily injury;
(2) serious physical or mental deficiency or impairment;
(3) disfigurement or deformity; or
(4) bodily injury.
(b) An offense under Subsection (a)(1), (2), or (3) of this section is a felony of the first degree when the conduct is committed intentionally or knowingly. When the conduct is engaged in recklessly it shall be a felony of the third degree.
(c) An offense under Subsection (a)(4) of this section is a felony of the third degree when the conduct is committed intentionally or knowingly. When the conduct is engaged in recklessly it shall be a Class A misdemeanor....
TEX. PENAL CODE ANN. sec. 6.03 (Vernon 1974) provides that:
(a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
(b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.
(c)A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously’ disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor’s standpoint....
The interpretation of the distinction between the culpable mental state of “recklessness” and the culpable mental states of “intentional” and “knowing” is aided by the Practice Commentary to sec. 6.03:
Recklessness, defined in Subsection (c), differs markedly from intentional and knowing. Recklessness is conscious risk creation; the reckless person does not desire that the risk occur nor is he even reasonably certain that it will occur; he does perceive it, however, and if the risk is substantial, he disregards it, and his disregard is plainly unjustifiable, then he is criminally responsible for whatever harm his recklessness produced.
Many examples of recklessness come to mind. Driving while intoxicated, speeding through a school zone when small children line the sides of the street, plinking at beer cans in a lake while water skiers go by in the center of the lake, chasing a traffic violator through a residential area at 100 miles an hour. In all of these examples the fact-finder would infer that the actor perceived the risk — of running down a child, of shooting a skier, of smashing into a parked car — and that he consciously disregarded it.
Searcy and Patterson, Practice Commentary, 1 TEX. PENAL CODE ANN. 87, 89 (Vernon 1974).
 In determining whether a charge on a lesser included offense is required, a *159 two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is not guilty of the alleged offense but is guilty only of the lesser included offense. Salinas v. State, 644 S.W.2d 744, 745 (Tex.Crim.App.1983). The fact that the evidence is controverted or conflicts with other evidence in the case is not to be considered in determining whether an instruction on a lesser included offense should have to be given. See Hobson v. State, 644 S.W.2d 473, 477 (Tex.Crim.App.1983). When evidence from any source, including the defendant's own testimony, raises the issue of a lesser included offense and there is testimony that, if guilty at all, the defendant is only guilty of the lesser included offense, then the charge on the lesser included offense must be submitted to the jury assuming the charge is properly requested or its omission properly objected to. Hunter v. State, 647 S.W.2d 657, 658 (Tex.Crim.App.1983). It is then the jury’s duty, under the proper instruction, to determine whether the evidence is credible and supports the lesser included offense. See Hobson, 644 S.W.2d at 477.
The evidence in this case established that Williams was the stepfather of C.T., the injured five-year-old child. He was responsible for caring for the child while the child’s mother was in jail. From Thanksgiving Day until December 13, 1983, Williams had the child with him. On Thanksgiving Day the child was in good health. On December 13th, the child was found under the bed in Williams’ motel room. When found, the child had numerous injuries, including brain hemorrhage, broken arm, broken leg, and burns and bruises all over his body. He had also lost a lot of weight. Williams burned the child with a hairdryer by holding it up the child’s ear and touching him with it. Medical testimony established that the brain injury and the broken bones were caused by direct blows to the area. The child testified that it was Williams who burned his arm, broke his leg, and burned his hand with a fork. There was some evidence that the child spent his time at the motel under the bed. In the room, authorities found a sling and ointment commonly used for burns. Williams did not deny hurting the child and said that he was unable to explain what happened because he was so busy keeping up his heroin habit at the time. We do not find conduct of this nature to be of a similar character with the examples cited in the Practice Commentary as examples of recklessness. All of the cited examples are acts which create a risk of harm but are not necessarily harmful in and of themselves. The acts committed by Williams were of a different character in that his actions were directly harmful to the child. After reviewing the record, we do not find evidence to support the notion that Williams was only guilty of a lesser included offense. Johnson v. State, 681 S.W.2d 648 (Tex.App.—Houston [14th Dist.] 1984, pet. ref’d). We overrule ground of error number one.
By ground of error number two, Williams asserts that the trial court erred by permitting the prosecutor to refer to the motel room as a little “torture chamber” with its own “little dungeon”.
 The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted in evidence. Campbell v. State, 610 S.W.2d 754, 756 (Tex.Crim.App.1980). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. Darden v. State, 629 S.W.2d 46, 52 (Tex.Crim.App.1982); Alejandro v. State, 493 S.W.2d 230, 231-32 (Tex.Crim.App.1973).
*160 We find that the argument constituted a summation and reasonable deduction from the evidence. Williams relies on the cases of Blansett v. State, 556 S.W.2d 322 (Tex.Crim.App.1977) and Moore v. State, 530 S.W.2d 536 (Tex.Crim.App.1975). Both of those cases involved prosecutors’ arguments which were prejudicial and outside the record. In the ease at bar, the argument is based upon the evidence in the record which leads to the inevitable conclusion that this young child was tortured by Williams in the “torture chamber” with its own “little dungeon”. We overrule ground of error number two.
The judgment is affirmed.