**Larry Chris DOWNING, Jr., Appellant,**

v.

**STATE of Texas, State.**

**No. 2–88–123–CR.**

Court of Appeals of Texas, Fort Worth.

Dec. 22, 1988.

T. Richard Alley, Fort Worth, for appellant.

Chris Marshall, Loretta Stauffer, Asst. Dist. Attys., Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Larry Chris Downing, Jr., appeals his conviction by a jury of the offense of injury to a child. The jury assessed his punishment at forty years in the Texas Department of Corrections. In three points of error, Downing contends the evidence is insufficient to support his conviction, and the trial court erred by failing to instruct the jury on the lesser-included offense of reckless injury to a child and the law of exculpatory statements.

We affirm, because: we find the evidence is sufficient to support the conviction; the trial court did not err by failing to instruct the jury on the issue of reckless injury to a child since there was no evidence which would have established that if Downing were guilty at all he was only guilty of reckless injury to a child; and, the trial court did not err by failing to instruct the jury on the law of exculpatory statements, since the "voucher rule" has been abrogated by rule 607 of the Texas Rules of Criminal Evidence.

■ Downing asserts in point of error number three that the evidence is insufficient to support his conviction. We will view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985).

■ This case involves the infliction of injuries to a one and one-half year old child, injuries which resulted in the child's death. The autopsy showed some object had been inserted into the child's anus with enough force to bruise the lining of the rectum, and the child had numerous external and internal bruises. The medical examiner expressed his opinion that the death was caused by massive blunt trauma to the abdomen, and the fatality could have been caused by as few as two severe blows to the abdomen.

Other evidence showed the child had no bruises when placed in the care of Downing and had no trouble sitting in her car seat. When Downing picked up the child's mother at work, after being alone with the child, the child was lying in the floor of the car. When Downing placed the child in the car seat, the child began moaning and groaning and then slid from the car seat to the floor again. She was not crying, but her eyes were closing and rolling back. Downing

and the mother took the child to the hospital, where she died shortly thereafter.

Downing first denied knowing how the child was injured, then admitted in a written confession he had picked her up by the neck, put her on the sofa, and then hit her in the stomach two or three times. We find this evidence is sufficient to support the conviction. *See Johnson v. State*, 681 S.W.2d 648, 650 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Downing presents no case in support of his contention the evidence is insufficient. We overrule point of error number three.

 Downing contends in point of error number one that the trial court erred by refusing to instruct the jury on the lesser-included offense of reckless injury to a child. We have determined the offense of reckless injury to a child is a lesser-included offense because it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission. *See* TEX.CODE CRIM.PROC.ANN. art. 37.09(3) (Vernon 1981). We shall therefore examine the evidence to determine if there is some evidence that if Downing is guilty he is not guilty of the alleged offense but only of the lesser-included offense. *See Salinas v. State*, 644 S.W.2d 744, 745 (Tex.Crim.App. 1983).

Since the acts committed by Downing were acts directly harmful to the child and not acts which create a risk of harm but are not necessarily harmful in themselves, we find the evidence does not support the notion that Downing might only be guilty of reckless injury to a child. *See Williams v. State*, 704 S.W.2d 156, 158–59 (Tex.App.—Fort Worth 1986, no pet.); *see also Johnson*, 681 S.W.2d at 651.

Downing primarily relies on the cases of *Hunter v. State*, 647 S.W.2d 657 (Tex.Crim. App.1983), *Aliff v. State*, 627 S.W.2d 166 (Tex.Crim.App.1982), and *Esparza v. State*, 520 S.W.2d 891 (Tex.Crim.App.1975). We have examined all of these authorities and find none of them to be inconsistent with the authorities upon which we rely. We overrule point of error number one.

 Downing urges in point of error number two that the trial court erred in failing to instruct the jury on the law of exculpatory statements. He contends that since the State relied on his written statement and since the statement was exculpatory, the trial court should have instructed the jury that the State is bound by the exculpatory statements.

In his written statement, Downing admitted hitting the deceased two or three times in the stomach. He said, "That's when I lost controll. [sic] I didn't mean to it just happened. I picked her up by the neck and put her on the sofa and then I hit her in the stoamch [sic] 2 or 3 times."

Whether or not this statement is exculpatory, we have previously held that the "voucher rule" set forth in the case of *Palafox v. State*, 608 S.W.2d 177 (Tex. Crim.App.1979) has been abrogated by rule 607 of the Texas Rules of Criminal Evidence. *Gale v. State*, 747 S.W.2d 564, 566 (Tex.App.—Fort Worth, 1988, no pet.); *see also Ibanez v. State*, 749 S.W.2d 804, 807 n. 3 (Tex.Crim.App.1986). The Texas Rules of Criminal Evidence became effective on September 1, 1986, prior to the date of this offense and this trial. We overrule point of error number two.

The judgment is affirmed.