**Michael Wayne NATION, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–87–229–CR.**

Court of Appeals of Texas, Beaumont.

Nov. 30, 1988.

---

Jerry V. Pennington, Orange, for appellant.

Stephen W. Howard, Longview, Stephen C. Howard, Orange County Atty., for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of the offense of murder. The jury assessed punishment of confinement in the Texas Department of Corrections for fifty years and a fine of $5,000. Appeal has been perfected to this court.

Point of error number one follows:

"The trial court committed reversible error in admitting a portion of Appellant's video taped Grand Jury testimony into evidence because said testimony constituted an involuntary custodial statement taken in violation of the Fifth Amendment of the United States Constitution and Article 38.22, Texas Code of Criminal Procedure, because it was improperly induced as a result of promises made not to prosecute Appellant."

At the time Appellant was questioned by Texas authorities about the murder, he was in jail in Calcasieu Parish, Louisiana, on several charges of armed robbery. A Texas Ranger, an Orange County Sheriff's office investigator, and Appellant himself, later before an Orange County Grand Jury, all testified that no agreement or "deal" was ever made or offered concerning the killing in Orange County. It was only after a *Jackson v. Denno* hearing that Appellant recanted his testimony before the Orange County Grand Jury, and claimed he had been offered help or immunity in the Orange County killing in return for cooperative testimony. So we believe the authorities he relies on are misplaced. In a *Jackson v. Denno* hearing, the trial court is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of the testimony of any witness. *Hawkins v. State*, 613 S.W.2d 720, 731–32 (Tex.Crim.App.1981). The court's finding that the confession was voluntary is supported by the evidence; therefore, we overrule this point of error. *Id.* at 732.

■ Point of error number two reads:
"The trial court committed reversible error in admitting a portion of Appellant's video taped Grand Jury testimony into evidence because said testimony constituted an involuntary custodial statement taken in violation of the Fifth Amendment of the United States Constitution and Article 38.22, Texas Code of Criminal Procedure, because Appellant was not adequately warned as to his rights to counsel."

The following questions by the prosecuting attorney were put, and Appellant's answers as given:
"[PROSECUTOR]: O.K., that you have the right to have a lawyer to consult with prior to and during any questioning, except that the lawyer cannot come into the grand jury room, do you understand that?
"[APPELLANT]: Yes sir.
"[PROSECUTOR]: O.K., if you are unable to employ a lawyer; that you have the right to have a lawyer appointed to advise you prior to and during any questioning. Do you understand that?
"[APPELLANT]: Yes sir."
This point of error is overruled.

Point of error number three is essentially the same as point of error number one. Appellant refers to his argument and authorities under his point of error number one, which we have already addressed herein. This point is, therefore, overruled.

Point of error number four is the same as point of error number two, already discussed herein. It is overruled.

■ Point of error number five states:
"The trial court committed reversible error by overruling Appellant's motion for mistrial due to the highly emotional and inflammatory comments made by relatives of the deceased in the presence of the jury as Darryl Craig, alleged to be a co-actor with Appellant, was identified in court to-wit: By crying out 'Kill the Bastard'."

Actually our record does not reveal who made the outcry. The record only identifies the person as "Spectator." Nor is it certain to whom it is directed. At any rate, the trial judge immediately instructed the jury to disregard the outburst, and there was no more trouble. This point is overruled.

■ Point of error number six contends:
"The trial court committed reversible error in failing to submit Appellant's written requested instruction number one to the jury on the issue of the affirmative defense of duress."

■ *TEX.PENAL CODE ANN.* sec. 8.05 (Vernon 1974) provides that duress is an affirmative defense to a prosecution—that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury. Of course, this or any defensive theory must be raised by the evidence. *Warren v. State*, 565 S.W.2d 931 (Tex. Crim.App.1978). While Appellant voluntarily testified before the Orange County Grand Jury, and a portion of it was heard by the jury, he did not testify in the trial.

While there is some testimony that Craig threatened Appellant *after* the murder, saying such as "you better keep quiet," we find no evidence that Appellant participated in the murder because of threats or force. *See Bernal v. State,* 647 S.W.2d 699, 706 (Tex.App.—San Antonio 1982, no pet.). This point of error is overruled.

■ Point of error number seven follows:

"The trial court committed reversible error in failing to submit Appellant's written requested instruction Number 2 to the jury on the issue of the State being bound by exculpatory comments contained in Appellant's video taped Grand Jury testimony offered into evidence by the State."

This point is the so-called "Voucher" rule announced by *Palafox v. State,* 608 S.W.2d 177, 181 (Tex.Crim.App.1979). We believe this has been overruled by *TEX.R.CRIM. EVID. 607.* This point of error is overruled.

■ Point of error number eight complains of State's Exhibit No. 10 as being an inflammatory and prejudicial photograph. This, Appellant's brief says, is a color photograph of the deceased's penis. The photograph in our record is a black and white xerox copy and hardly distinguishable. The record shows that the deceased's scrotum was opened, his testicles removed, and the head of the penis cut. The entire condition of the deceased's body was described by the pathologist, almost entirely without objection. Therefore, the picture was admissible. *Burks v. State,* 583 S.W.2d 389, 392 (Tex.Crim.App.1979). This point is overruled.

Point of error number nine complains of prosecutorial argument which we view as an argument for law enforcement. *McClory v. State,* 510 S.W.2d 932, 934 (Tex.Crim. App.1974). This point is overruled.

The Appellant has one final point which we find without merit and it is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the result, but analyze point of error number one differently. It is true that appellant testified before the grand jury that no one had offered him any inducement concerning the Orange County offense. But even the Orange County Attorney's investigator testified Nations had been told by Louisiana authorities if he cooperated with Orange County on the murder investigation, then the Louisiana charge would not be pursued. The investigator further acknowledged that the Louisiana charges could and probably would be reinstated if Nations failed to cooperate. Thus, there was some inducement for Nations' grand jury statement. Therefore, I would hold the grand jury statement was not voluntary and its introduction error. It was, however, not reversible error. The grand jury statement was not inculpatory, other than placing Nations at the scene. It was, in fact, exculpatory. In his statement, Nations names Darrel Craig as the murderer and expresses dismay and remorse concerning the death of Jason Broussard. It was Nations' admissions to third parties that provided most of the inculpatory evidence. In light of this, the introduction of the grand jury testimony was harmless. Consequently, I reach the same result, but for different reasons.