**James Paul DALGLEISH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–89–120 CR.**

Court of Appeals of Texas,
Beaumont.

March 21, 1990.

Rehearing Denied April 11, 1990.

532

Maurice D. Healy, Nacogdoches, for appellant.

Gerald Goodwin, Dist. Atty., Lufkin, for State.

## OPINION

WALKER, Chief Justice.

This is an appeal from a judgment of conviction of the offense of Aggravated Sexual Assault of a Child. The defendant, James Paul Dalgleish, was tried before the 159th Judicial District Court of Angelina County, Honorable David Walker, Judge presiding, on October 24, 1988. Appellant waived trial by jury and was found guilty by the trial court. After a pre-sentence report was completed, appellant was sentenced on March 8, 1989 to fifteen (15) years confinement in the Department of Corrections. On March 21, 1989, the trial court entered a new judgment and on April 3, 1989, the defendant filed his motion for new trial. Appellant has duly perfected his appeal to this Court setting out seven (7) points of error.

Factually, appellant met and became friends with one G_____ L__ C_____ through C_____'s employment at a motorcycle dealership. Mr. C_____ was married to L__ C_____ and they had an adopted daughter, K_____. K_____ was thirteen

years old. The C_____s began to have marital problems and separated in late 1986. By that time, appellant was involved in an affair with Mrs. C_____ as evidenced by her move into appellant's apartment from approximately March or April, 1987 until September of that year at which time Mrs. C_____ moved away from appellant into her own apartment with K_____ in Lufkin, Texas. Mrs. C_____ continued to see appellant.

Appellant, who was legally disabled, did not have a job and would frequently be at Mrs. C_____'s apartment alone with K_____ while her mother was at work. The child testified at the time of trial that she and appellant engaged in sexual intercourse on several occasions and that on or about May 10, 1988, K_____ told her parents about the relationship. Mrs. C_____ took K_____ to a local hospital to be examined for injury and possible pregnancy. K_____ testified as to having intercourse with appellant on May 10, 1988. Appellant testified at the time of trial and denied having intercourse with the minor child. Appellant was indicted for Aggravated Sexual Assault under Sec. 22.-021, PEN.CODE (Vernon's Supp.1989).

Appellant's first two points of error contend that the evidence was insufficient to sustain the trial court's finding of guilt. Appellant refers primarily to bias against him by K_____ C_____, and appellant's medical expert opinion testimony that K_____ had not engaged in sexual intercourse on the date alleged in the indictment. We disagree with appellant's position.

 The proper standard of review, where the sufficiency of the evidence to support the conviction is questioned, is found in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): "After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This rule has been adopted in Texas. *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983); *Thompson v. State*, 697 S.W.2d 413 (Tex.Crim.App.1985). This rule has recently again been set forth in a case out of this Court, *Terrance Paul Lew-*

*is v. State*, (unpublished opinion, No. 09–89–170 CR—Beaumont, 1990) which cited *Moreno v. State*, 755 S.W.2d 866 (Tex. Crim.App.1988). In the case before us, K_____ C_____'s testimony was sufficient to establish the statutory elements. She plainly described appellant's repeated episodes of sexual intercourse with her. Appellant argues that her version is not worthy of belief. In a non jury trial, however, the trial judge is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. He is authorized to believe or not believe any or all testimony of witnesses for either the State or the defendant. *Mattias v. State*, 731 S.W.2d 936, 939 (Tex.Crim.App.1987). This principle also applies to the testimony of the victim of a sexual assault case. *Turner v. State*, 732 S.W.2d 91, 92 (Tex.App.—Beaumont 1987, no pet.). The fact that the judge specifically stated that he believed the victim's testimony, demonstrates that he properly exercised his exclusive role as the finder of fact. *Langford v. State*, 578 S.W.2d 737, 739 (Tex.Crim.App.1979) (probation revocation hearing).

Further, in other cases, courts have rejected similar contentions that the testimony of a child victim in a sexual assault case lack truthfulness and credibility. *Hohn v. State*, 538 S.W.2d 619, 621 (Tex.Crim.App. 1976); *Rhodes v. State*, 624 S.W.2d 770, 771 (Tex.App.—Houston [14th Dist.] 1981, no pet.). Appellant contends that the trial judge treated the case as a swearing match and, as a result, "ignored relevant and competent evidence in the record. . . ." Again, on review, we are required to view the evidence in the light most favorable to the verdict. The victim testified to all the elements of the offense charged. The victim's mother testified as to when the victim told her about what appellant had done, and to the fact that victim and appellant were left alone on numerous occasion while mom was at work. The only other witnesses that testified during the trial were Mr. Bob Ford, a Department of Human Services worker, Dr. Alfred Friday (appellant's expert witness whose testimony was used in an attempt to impeach the medical examination done on the victim) and the appel-

lant himself, who emphatically denied all of the allegations in their entirety.

Distasteful though it may be, we feel that some more detailed statement of the facts before the trial court should be brought into perspective, especially in view of the credibility questions. The evidence reveals that the minor child had been molested by her adopted father; her adopted mother became involved with appellant, who in turn was alleged to have had sexual intercourse with the child. Both Mr. C_____ and appellant continued in some degree in competition for Mrs. C_____'s affection. K_____ found herself in the midst of these perhaps bizarre and unequivocally emotional and perhaps occasionally, unbearable circumstances. From this evidence, it is understandable that K_____ had some bias in favor of her father with whom she apparently had some semblance of a family relationship, and against appellant, who was at least in part responsible for the C_____'s marital discord and separation. The record reflects the victim's bias against appellant. However, there was evidence other than K_____'s testimony which corroborates appellant's guilt. Defendant's exhibit one, on which appellant heavily relied, indicates that K_____ was "non virginal", and that the hymen was not present. The trial court could have, however, given great weight to the fact that this *supported* K_____'s *testimony of* appellant's sexual attack upon her. The trial court could have considered appellant's own denial of sexual activity with K_____ far less than convincing. Appellant admitted to being alone with K_____ in Mrs. C_____'s apartment "give or take a dozen times". Appellant said that he never had a comfortable relationship with K_____, yet it was comfortable enough that he would discuss sex with her. Appellant would not explain why, if K_____ never like him (as appellant testified), she waited for five and one half months before making accusations against him or why she did not name him as the perpetrator at the hospital.

■ Appellant urges this Court to find the evidence insufficient because the State did not disprove the so called exculpatory aspects of his alleged admission to Mrs. C_____ that he had masturbated in front of K_____, but had not had intercourse with her. In support of that position, appellant cites the "voucher rule" of *Palafox v. State*, 608 S.W.2d 177 (Tex.Crim.App.1979) which binds the State to exculpatory testimony of its witnesses elicited on direct examination. Rule 607 of the TEX.R. OF CRIM.EVID. (effective September 11, 1986) abrogates this requirement; the *Palafox* rule is no longer a part of Texas law. *Nation v. State*, 762 S.W.2d 290, 293 (Tex. App.—Beaumont 1988 no pet.); *Gale v. State*, 747 S.W.2d 564, 566 (Tex.App.—Fort Worth 1988, no pet.); *Guerra v. State*, 760 S.W.2d 681, 696 (Tex.App.—Corpus Christi 1988, no pet.); *Downing v. State*, 761 S.W.2d 881, 883 (Tex.App.—Fort Worth 1988, pet. ref'd). The case of *County v. State*, —— S.W.2d —— (# 69,793, Tex.Crim. App.1989) also cited by the appellant, did not resurrect the *Palafox* voucher rule; it discusses the application of same to a case tried in 1985 before the Rules of Evidence went into effect. Points of error one and two are overruled.

■ Appellant's third point of error accuses the State of withholding evidence relating to K_____'s credibility as a witness. This point of error addresses information contained in a presentence investigation report, (PSI), ordered by the trial court after the defendant had been found guilty. PSI's are authorized by Art. 37.07, sec. 3(d) and 42.12, sec. 4 of the TEX.CODE OF CRIM.PROC. Appellant contends that the factual basis for this point is contained in the PSI. Appellant does not explain how or what evidence the district attorney withheld, and makes only this conclusory accusation but does not point out anywhere in the record where this point is supported. We overrule appellant's point of error number three and rely upon Rule 52(a) of the TEX.R.APP.P. which states:

"(a) **General Rule.** In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he

desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint. It is not necessary to formally except to rulings or orders of the trial court."

Appellant in his brief, makes reference to the Second Supplemental Transcript in support of his position on point of error number three. However, these references are to appellant's "Motion to Amend Record" and the only grounds appellant gives for a reason to amend is that the PSI was left out of the record and the trial court weighed such report heavily in sentencing the appellant. There is no indication that the PSI contained information that would exonerate the appellant, or would show that the district attorney withheld discoverable evidence. We find this point of error definitely not in compliance with Rule 52(a), and furthermore that it is multifarious.

■ Appellant's fourth point of error complains of the absence of the PSI from the transcript and the findings of fact and conclusions of law. In other words, appellant contends that the trial court erred in refusing to authorize the furnishing of a complete record for purposes of appeal. However, in our case, there is no "lack of findings of fact" objection made by appellant anywhere in the record and appellant's complaint is grounded completely in the "failure to furnish a complete record," to wit: the pre-sentence investigation. We again rely on Rule 52(a) as a basis for overruling appellant's point of error number four. Furthermore, the trial court in a criminal case is not authorized to enter findings and conclusions as in a civil case. *Mattias v. State*, 731 S.W.2d 936, 939 (Tex. Crim.App.1987); *Martinez v. State*, 754 S.W.2d 799, 801 (Tex.App.—San Antonio 1988, pet. ref'd); *Kadlec v. State*, 704 S.W.2d 526, 528 (Tex.App.—Dallas 1986, pet. ref'd). Appellant would not have been entitled to findings and conclusions even if he had requested them. It is interesting to note that the PSI was never admitted into evidence at the hearing on punishment at which time appellant's counsel was provided with a copy of the PSI to question the probation officer who drafted it. The underlying basis of appellant's complaint in point of error number four is focused on the failure of the probation officer who prepared the PSI to consult with appellant in the presence of appellant's counsel. When asked by the trial judge as to why appellant's counsel waited so long to object to the probation officer's interviewing appellant without counsel being present, appellant's counsel responded with the following statement:

"The complaint would have been made if the recommendation had been for five years. The question is when does it have to be made, and it really, the only—the only reason that the amount of punishment has anything to do with it one way or the other is because in a case like this one, where it's basically a meets the bare, if all of the—if all of the facts are resolved in favor of the State in trial, this case meets the bare definition of the statutory offense. There is not anything particularly aggravating in it. The young woman involved in it was obviously an experience and worldly young woman, picked her time, help get her mother and daddy back together like she wanted to do. *There is nothing in this report to reflect badly on Mr. Dalgleish. I mean, there is no criminal history,* I mean there is some comment about there being numerous traffic violations and at some point I may very well ask Mr. Scales about that. There is some comment about a bumper sticker alleged to be on his car, something about 'avenge yourself, live long enough to be a problem to your children'. But, the point ultimately is that the probation department just like I said, answers to the court, deprives this man of counsel during the time that it was interviewing him. And it is the position of the defense that is sufficient, that is sufficient to taint this trial and to taint this proceeding to the point it should not proceed." (emphasis ours).

We must view this statement by appellant's counsel as at least some kind of admission that the PSI contained nothing that was harmful to the appellant. We think of further significance is the fact that appellant's counsel did not even offer the PSI into evidence himself.

Appellant then filed a motion for new trial and obtained a hearing on this motion on April 24, 1989. The motion claimed that the testimony of Dr. Lynn Bourdon, Jr. would prove to vindicate his client. Again, neither this motion nor the evidence adduced at the hearing referred to any alleged lies told by the child victim at trial which were supposedly disclosed in the PSI. The PSI was not offered into evidence at this hearing either. When appellant filed his "Designation of Transcript" with the district clerk on or about May 2, 1989, he again failed to mentioned the PSI. He did not file any Bills of Error, affidavits, or any other material in the record to substantiate his claim that the PSI contained evidence tending to exonerate him, or that the State failed to disclose such facts to him.

■ The amended judgment from which this appeal was taken, was signed on March 21, 1989 and a motion for new trial and notice of appeal were filed on April 3, 1989. The designation of transcript was filed on May 2, 1989 and the motion to amend record to include the PSI was not filed until July 2, 1989, or more than 90 days after the sentence was imposed. Therefore, the time prescribed for perfecting the appeal had expired. Appellant's motion to "amend" the record was thus untimely. TEX.R.APP.P., 41(b)(1) and 51(b).

■ Under the TEX.R.APP.P., it is appellant's burden to see that a sufficient record is presented to show error which requires reversal. TEX.R.APP.P., 50(d). Inclusion of the PSI into an appellate transcript is not automatic; it must be specified in a written designation filed with the district clerk. TEX.R.APP.P., 51(a) and (b). To preserve a complaint for appellate review, a timely request, objection or motion which states the specific grounds for the ruling desired, must be made to the trial court. TEX.R.APP.P. 52(a). Courts of Appeal have consistently held that the rules mean what they say and have refused to entertain points of error where criminal defendants have not properly included matters necessary for review. *Jackson v. State*, 772 S.W.2d 459, 466 (Tex.App.— Beaumont 1989, no pet.); *DeLeon v. State*, 758 S.W.2d 621, 626–27 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *Coons v. State*, 758 S.W.2d 330, 336 (Tex.App.— Houston [14th Dist.] 1988, pet. ref'd).

■ In this case, it is clear to this Court that appellant's counsel had access to the PSI and reviewed it before the March 8, 1989 sentencing hearing. He examined the probation officer who prepared the PSI regarding its content. Appellant's counsel could have also subpoenaed the minor child complainant to inquire about information contained in the PSI and if it did contain exculpatory information, counsel could have taken steps necessary to have it included as part of the record. It is clear to us that if the record fails to disclose exculpatory evidence, it is because the appellant failed to have the PSI made part of the record and not because of the State's failure to produce it.

Appellant next complains that appellant's right to counsel was denied him in that he was interviewed by the probation officer for purposes of preparation of the PSI.

The record reflects that the probation officer interviewed appellant with his counsel's permission after the probation officer said he believed that his department's policy was not to interview defendants in the presence of their attorneys. Apparently at a point in time when the probation officer thought that appellant was not cooperating, he terminated the interview. Subsequently, another conference was scheduled at the office of appellant's counsel. When appellant did not appear, the probation officer went to appellant's apartment and conducted the interview. Immediately after that, the probation officer called appellant's attorney and advised him of what had occurred. The probation officer gave appellant and his attorney every opportunity to

convey information for the report. It should be noted that appellant cites no authority to this Court supporting his position that he was entitled, as a Constitutional right, to have counsel assist him at the pre-sentence investigation interview with the probation officer. As a general rule, Texas courts have rejected the notion that constitutional values are implicated in the pre-sentence investigation process, e.g., *Lee v. State*, 505 S.W.2d 816, 818 (Tex. Crim.App.1974); *Tamminen v. State*, 653 S.W.2d 799, 802 (Tex.Crim.App.1983); *Kadlec v. State*, 704 S.W.2d 526, 527 (Tex.App. —Dallas 1986, pet. ref'd).

 The State takes the position that even if appellant's right to counsel was violated and his statements to the probation officer inadmissible, it is presumed that the trial court disregarded the improper evidence in the pre-sentence investigation report, citing *Rhine v. State*, 642 S.W.2d 228, 229 (Tex.App.—Houston [14th Dist.] 1982, no pet.); *Henderson v. State*, 704 S.W.2d 536 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). Without giving any further address to appellant's constitutional rights to counsel during pre-sentence investigation interview, we feel as to the case before us, that any statement the appellant made to the probation officer without his counsel present to assist him, was inadmissible and that a consideration by the trial court of that evidence could constitute possible error. As stated, it is presumed that the trial court disregarded any improper evidence and there is nothing present before us which would rebut that presumption. The trial court was made aware of the fact that appellant spoke to the probation officer without his attorney and the State opined that the court should "not consider anything the court deems inappropriate." Therefore, any harmful statement which may have been made by appellant to the probation officer, without appellant's counsel present, is presumed to have been ignored by the court. In overruling appellant's point of error number five, we rely also on the case of *Tolbert v. State*, 743 S.W.2d 631 (Tex.Crim.App.1988) which casts the burden on the defendant, appellant in our case, of showing this ap-

pellate court that the trial court relied on or even considered the inadmissible evidence in reaching its verdict or in determining punishment. *Tolbert* cites *Arnold v. State*, 161 TEX.CR.R. 344, 277 S.W.2d 106 (1955), stating that:

> "when a cause is tried before the court and there is nothing to show that the judgment was based upon inadmissible evidence (such as by findings or conclusions of fact or law) it will be presumed that the trial judge disregarded incompetent evidence admitted at the trial and the judgment will not be reversed on appeal on the grounds of the admission of incompetent evidence if sufficient proper evidence was admitted to sustain the judgment."

In our case, appellant maintained his innocence throughout the entire proceeding. The record does not reflect what the PSI records as his version of the events, but it is unlikely that it is prejudicial in any way or mention would have been made of it in the record. The *Tolbert/Arnold* presumption must stand as appellant did not prove otherwise. Even if it had been shown that the judge considered appellant's statement in the PSI, appellant's own attorney admitted that the PSI is harmless to the appellant.

In his sixth point of error, appellant says that the trial court erred in entering a second judgment which effectively increased the defendant's sentence. The record indicates that after the judge sentenced appellant to fifteen (15) years, the judge decided to start the sentence running on the date of arrest. Although the sentence was pronounced on March 8, 1989, the "official" sentence date was to be June 16, 1988 (the day appellant was arrested). Appellant's counsel was instructed to make arrangements to surrender appellant to the Angelina County Sheriff and on March 13, 1989, appellant requested that he be allowed to remain free on a post trial bond. This motion was granted on March 28, 1989. On the same day, the court entered an amended judgment to reflect that the starting date of the sentence was "to be determined". The amended judgment does

not purport to eliminate any credit from appellant's sentence, it only leaves open the beginning date for later resolution. Except for a brief period of time after his arrest, appellant was free on bail before his trial.

Article 42.03, Section 2 of the TEX.CODE CRIM.PROC., requires a trial court to give the defendant credit on his sentence for time spent in jail before sentencing. That article and section does not require that a criminal defendant be given any credit for time he is out on bail. The Court of Criminal Appeals has held that the trial court has the authority to correct a record to reflect the true amount of credit on a sentence, even though it is not beneficial to the defendant. *Shaw v. State*, 539 S.W.2d 887, 890 (Tex.Crim.App.1976). *See*, TEX.R.APP.P. 36. The trial court had the power to make the record reflect the truth and no error resulted from the amended judgment. The correct date can be determined once the appeal process has run its course. TEX.CODE CRIM.PROC.ANN., art. 42.09, sec. 2 (Vernon's Supp.1989). Also, see *Ex parte Hayward*, 711 S.W.2d 652 (Tex.Crim.App.1986); and *Ex parte Allen*, 548 S.W.2d 905 (Tex.Crim.App.1977). In our case, appellant was only in jail for a few days and then made bond. We cannot see how appellant's sentenced was increased, therefore, appellant's point of error number six is overruled.

Appellant's last point of error contends that a combination of any two or more of the previous points of error constitutes cumulative error and requires reversal. Appellant explains this way: "Assuming arguendo, that none of the foregoing errors, standing alone, is sufficient to justify reversal of this cause, some two or more of the foregoing errors taken together are sufficient to require reversal of this cause." The appellant cites for our consideration, the case of *Stahl v. State*, 749 S.W.2d 826 (Tex.Cr.App.1988). The *Stahl* case deals with cumulative error of the same type that is paraded (probably in bad faith) in front of *a jury* by a prosecutor. (emphasis added). We have nothing remotely resembling that circumstance in the case before us. Furthermore, *Tolbert* pre-

sumes that the judge disregarded inadmissible evidence in reaching his verdict. Since the previous points of error have no serious merit, this point is multifarious and is overruled. Appellant does not state in what respect the "cumulative effect" adds a new complaint. This becomes multifarious because it embraces more than one ground of error and because it attacks several rulings by the trial court. *Clancy v. Zale Corp.*, 705 S.W.2d 820 (Tex.App.— Dallas 1986, writ ref'd n.r.e.). Multifarious points do not preserve error. *Euziere v. State*, 648 S.W.2d 700, 703 (Tex.Crim.App. 1983). *See*, also *Washington v. State*, 484 S.W.2d 721, 724 (Tex.Crim.App.1972).

In view of our determination regarding the seven points of error presented by appellant, we are of the opinion that the judgment of the trial court should in all things be affirmed.

AFFIRMED.