COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NOS.
2-02-363-CR
  2-02-364-CR
  2-02-365-CR
 
MARCO DANTONIO JONES                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                                   
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Marco Dantonio Jones appeals his
convictions for aggravated robbery with a deadly weapon. In his sole issue, he
complains that the trial court erred in considering a presentence investigation
report (PSI), not making specific findings as to what was considered in the
report for sentencing, and not including the report in the record. We affirm.
Factual Background
Appellant committed a string of restaurant
robberies around Arlington in May of 2000. Three of the cases were consolidated
for trial, and appellant pled guilty to each. After the jury found appellant
guilty, the judge ordered the preparation of the PSI. During sentencing, the
judge stated that he reviewed the testimony from guilt-innocence and the PSI.
The court then sentenced appellant to forty years' confinement for each charge,
the sentences to run concurrently.
Discussion
In his sole issue, appellant argues that
the trial court erred in considering the PSI under Texas Code of Criminal
Procedure 42.12, section 9, not making specific findings as to what was
considered in the report for sentencing, and not including the report in the
record. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2003). The
State responds that appellant waived any error created by the failure to include
the PSI in the appellate record because he never designated it for inclusion in
the record or requested that the record be supplemented. In the alternative,
appellant's complaints are moot because the PSI is now part of the record.
Article 42.12, section 9 requires a judge
to direct a supervision officer to report to him in writing on the circumstances
of the offense with which the defendant is charged, the amount of restitution
necessary to adequately compensate any victims of the offense, the criminal and
social history of the defendant, and any other information relating to the
defendant or the offense requested by the judge. The PSI is not an item that
must be included in the clerk's record under Texas Rule of Appellate Procedure
34.5(a), but rather it is an item that must be designated for inclusion. Tex. R.
App. P. 34.5(a), (b). The burden is on appellant to have the PSI included in the
appellate record. Vela v. State, 915 S.W.2d 73, 75 (Tex. App.--Corpus
Christi 1996, no pet.); Dalgleish v. State, 787 S.W.2d 531, 537 (Tex.
App.--Beaumont 1990, pet. ref'd) (stating that "[i]nclusion of a PSI into
an appellate transcript is not automatic; it must be specified in a written
designation filed with the district clerk").
Rule 34.5(c) provides the rules for
supplementation of the clerk's record and allows any party to supplement any
relevant item that has been omitted from the record. Tex. R. App. P. 34.5(c).
Here, appellant had the burden to include the PSI in the clerk's record. Once
the record was filed, he made no effort to supplement the record to include it,
which the rules clearly allow. Thus, appellant waived any complaint regarding
its omission. Cf. Rogers v. State, 640 S.W.2d 248, 264 (Tex. Crim.
App. [Panel Op.] 1982) (op. on 2nd reh'g) ("It is a general rule
that appellate courts will not consider any error which counsel for accused
could have called, but did not call, to the attention of the trial court at the
time when such error could have been avoided or corrected by the trial
court.").
Furthermore, the State requested the
filing of a supplemental record that included the PSI report. Thus, because the
report is now before us, appellant's complaint as to its omission from the
appellate record is moot. See Chacon v. State, 745 S.W.2d 377, 378
(Tex. Crim. App. 1988) (holding that an issue becomes moot when it does not rest
on any existing fact or right); see also Rocha v. State, 16 S.W.3d 1,
10 (Tex. Crim. App. 2000) (holding that complaint of failing to file written
findings was rendered moot after case was abated and findings filed).
Appellant concedes that he did not request
the court to enter specific findings regarding the PSI so that part of his issue
is waived. See Rogers, 640 S.W.2d at 264. As to appellant's
constitutional claims and his claim that the trial court erred in considering
the PSI, those issues were not presented to the trial court and are not
supported on appeal by argument or case law. See id.; see also
Tex. R. App. P. 33.1, 38.1(h). Appellant's sole issue is overruled.
 
Conclusion
Having overruled appellant's sole issue,
the trial court's judgment is affirmed.
 
                                                       
   TERRIE LIVINGSTON
                                                       
   JUSTICE
 
PANEL B: DAY, LIVINGSTON, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 3, 2003

1. See Tex. R. App. P. 47.4.