JONES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-02-363-CR

        
2-02-364-CR

        2-02-365-CR

MARCO DANTONIO JONES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Marco Dantonio Jones appeals his convictions for aggravated robbery with a deadly weapon.  In his sole issue, he complains that the trial court erred in considering a presentence investigation report (PSI), not making specific findings as to what was considered in the report for sentencing, and 
not including the report in the record.  We affirm. 

Factual Background

Appellant committed a string of restaurant robberies around Arlington in May of 2000.  Three of the cases were consolidated for trial, and appellant pled guilty to each.  After the jury found appellant guilty, the judge ordered the preparation of the PSI.  During sentencing, the judge stated that he reviewed the testimony from guilt-innocence and the PSI.  The court then sentenced appellant to forty years’ confinement for each charge, the sentences to run concurrently.

Discussion

In his sole issue, appellant argues that the trial court erred in considering the PSI under Texas Code of Criminal Procedure 42.12, section 9, not making specific findings as to what was considered in the report for sentencing, and not including the report in the record.  
Tex. Code Crim. Proc. Ann
. art. 42.12, § 9(a) (Vernon Supp. 2003).
  
The State responds that appellant waived any error created by the failure to include the PSI in the appellate record because he never designated it for inclusion in the record or requested that the record be supplemented.  In the alternative, appellant’s complaints are moot because the PSI is now part of the record.

Article 42.12, section 9 requires a judge to direct a supervision officer to report to him in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate any victims of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge.  The PSI is not an item that must be included in the clerk’s record under Texas Rule of Appellate Procedure 34.5(a), but rather it is an item that must be designated for inclusion.  
Tex. R. App. P
. 34.5(a), (b).  The burden is on appellant to have the PSI included in the appellate record.  
Vela v. State
, 915 S.W.2d 73, 75 (Tex. App.—Corpus Christi 1996, no pet.); 
Dalgleish v. State
, 787 S.W.2d 531, 537 (Tex. App.—Beaumont 1990, pet. ref'd) (stating that “[i]nclusion of a PSI into an appellate transcript is not automatic; it must be specified in a written designation filed with the district clerk”).

Rule 34.5(c) provides the rules for supplementation of the clerk’s record and allows any party to supplement any relevant item that has been omitted from the record. 
 Tex. R. App. P
. 34.5(c).  Here, appellant had the burden to include the PSI in the clerk’s record.  Once the record was filed, he made no effort to supplement the record to include it, which the rules clearly allow.  Thus, appellant waived any complaint 
regarding its omission
.  
Cf. Rogers v. State
, 640 S.W.2d 248, 264 (Tex. Crim. App. [Panel Op.] 1982) (op. on 2
nd
 reh’g) (“It is a general rule that appellate courts will not consider any error which counsel for accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court.”).

Furthermore, the State requested the filing of a supplemental record that included the PSI report.  Thus, because the report is now before us, appellant’s complaint as to its omission from the appellate record is moot.  
See Chacon v. State
, 745 S.W.2d 377, 378 (Tex. Crim. App. 1988) (holding that an issue becomes moot when it does not rest on any existing fact or right); 
see also Rocha v. State
, 16 S.W.3d 1, 10 (Tex. Crim. App. 2000) (holding that complaint of failing to file written findings was rendered moot after case was abated and findings filed).  

Appellant concedes that he did not request the court to enter specific findings regarding the PSI so that part of his issue is waived.  
See Rogers
, 640 S.W.2d at 264.  As to appellant’s constitutional claims and his claim that the trial court erred in considering the PSI, those issues were not presented to the trial court and are not supported on appeal by argument or case law.  
See id
.; 
see also
 
Tex. R. App. P
. 33.1, 38.1(h).  Appellant’s sole issue is overruled. 

Conclusion

Having overruled appellant’s sole issue, the trial court’s judgment is affirmed. 

TERRIE LIVINGSTON

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  July 3, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.